**James A. Saville, Jr.**
**HILL RIVKINS LLP**
Attorneys for Defendants
Valero Marketing and Supply Company and
Southern Marine & Aviation Underwriters, Inc.

45 Broadway – Suite 1500
New York, New York  10006-3793
Telephone:  212-669-0600
Telefax:     212 669-0698
E-Mail:  jsaville@hillrivkins.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

| | |
|---|---|
| GROUPEMENT d'INTÉRÉ ECONOMIQUE, as lead : | |
| underwriter (for itself and a group of marine war risk reinsurers : | |
| comprised of AXA CORPORATE SOLUTIONS ASSURANCE: | |
| SA, ALLIANZ GLOBAL CORPORATE & SPECIALTY SE,   : | 1:16-cv-00209-SAS |
| CAISSE CENTRALE DE REASSURANCE, HELVETIA   : | |
| ASSURANCES SA, MITSUI SUMITOMO INSURANCE CO. : | |
| LTD. OF JAPAN, GENERALI IARD S.A., and MAPFRE   : | |
| GLOBAL RISKS COMPANIA INTERNATIONAL DE   : | |
| SEGUROS Y REASEGUROS, STARR INDEMNITY AND   : | **ANSWER AND** |
| LIABILITY COMPANY, and SAMSUNG FIRE & MARINE   : | **COUNTERCLAIM** |
| INSURANCE CO. LTD.;   : | |
|   : | |
| Plaintiffs,   : | |
|   : | |
| **-Against-**   : | |
|   : | |
| VALERO MARKETING AND SUPPLY COMPANY and   : | |
| SOUTHERN MARINE & AVIATION UNDERWRITERS, INC.; | |
|   : | |
| Defendants.   : | |

------------------------------------------------------------------------X

Defendants Valero Marketing and Supply Company ("Valero") and Southern Marine &

Aviation Underwriters, Inc. ("Southern") (collectively "Defendants") by and through their

attorneys Hill Rivkins LLP, as and for its Answer to the Complaint and Counterclaim allege upon

information and belief as follows:

## PRELIMINARY STATEMENT

1.       Defendants admit that the current action is a maritime action arising out of the seizure of the M/T SAMHO DREAM (the "Vessel") on or about April 4, 2010 off the coast of Somalia in the Indian Ocean, that the Vessel was ultimately released and her cargo of crude oil eventually delivered to Valero. Except as otherwise admitted, Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

2.       Defendants admit that General Average was declared in connection with the seizure of the Vessel. Except as otherwise admitted, Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

3.       Defendants admit that Valero executed an Average Bond and Southern executed an Average Guaranty and that neither have made any payments in connection with the General Average. Except as otherwise admitted, Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.       Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5.       Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6.       Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.       Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.       Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

## THE PARTIES

9.       Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 9 of the Complaint.

10.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 10 of the Complaint.

11.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations set forth in Paragraph 13 of the Complaint.

## THE VESSEL AND ITS INSURANCE

14.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

## THE GENERAL AVERAGE EVENT AND VOYAGE

17.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants admit that on March 8, 2010, Clarksons Shipping Services USA ("Clarksons") sent a full fixture recap confirming the charter of the Vessel by Koch Shipping, Inc., as Disponent Owner, to Valero, as Charterer, on the Exxonmobilvoy 2005 form subject to various amendments and the Valero Marketing & Supply Company Charter Party Clauses dated June 26, 2005, as amended therein. Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants admit that in March 2010, the Vessel was loaded with a quantity of crude oil for which SOMO issued a bill of lading, a copy of which is attached to the Complaint as Exhibit 1.  Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 19 of the Complaint and refer to the applicable bill of lading for the terms and conditions thereof.

20.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants admit that the Vessel's owner, SH Tankers, declared General Average on or about July 29, 2010. Except as otherwise admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants admit that the Vessel was released on or about November 6, 2010. Except as otherwise admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint.

24.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants admit that in order to secure release of the Cargo without collection of a cash deposit, on or about December 10, 2010, Valero executed an Average Bond and "agree[d] to pay . . . the proper portion of any . . . general average . . . which may hereafter be ascertained to be reasonably, legally and properly due. . ." Defendants further admit that a true and accurate copy

4

of the Average Bond executed by Valero is attached as Exhibit 4 to the Complaint. Except as specifically, admitted, Valero denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants admit that in order to secure release of the Cargo without collection of a cash deposit, on or about December 10, 2010, Southern executed an Average Guaranty and "under[took] to pay . . . any contribution to General Average . . . which may hereafter be ascertained to be reasonably, legally and properly due. . ." Defendants further admit that a true and accurate copy of the Average Guaranty executed by Southern is attached as Exhibit 5 to the Complaint. Except as specifically, admitted, Valero denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

## THE GENERAL AVERAGE ADJUSTMENT

29.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants admit that the March 8, 2010, fixture recap prepared by Clarksons stated "GA/ARBITRATION US LAW TO APPLY".  Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants admit that the bill of lading stated in part, " . . .all conditions and exceptions of which charter party . . . are deemed to be incorporated in this Bill of Lading" but deny that the bill of lading effectively incorporated any charter party.

32.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendants admit the General Average Adjustment was issued by RHL on or about September 30, 2014 and that what purports to be a copy of said Adjustment, without attachments, is attached to the Complaint as Exhibit 8.

35.     Defendants admit the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant admits that the adjuster's email instructions provided bank details. Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants admit that no payments have been made by Defendants in connection with General Average Adjustment. Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

## COUNT I CLAIM FOR RELIEF:
## GENERAL AVERAGE CONTRIBUTION

39.     Defendants repeat and reallege each and every admission, denial and denial of knowledge and information set forth in Paragraphs 1-38 as if set forth herein at length.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.     Defendants admit the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants admit that the Vessel's owner, SH Tankers, declared General Average on or about July 29, 2010. Except as otherwise admitted, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint.

44.     The allegations set forth in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendants admit that the Cargo was transshipped from the Vessel to the M/V GEMINI GLORY pursuant to the STS Agreement and that the Cargo was eventually delivered to Valero. Except as otherwise admitted, Defendants deny the remaining allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants admit that the General Average Adjustment was issued and refer to the document itself for its contents.  Except as specifically admitted, Defendants deny the remaining allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

52.     The Complaint fails to state a claim upon which relief may be granted against the Defendants.

53.     Upon information and belief, Plaintiff's claim is barred by the applicable statute of limitations.

54.     The Complaint is barred by doctrine of laches.

55.     The Complaint is barred by the doctrine of unclean hands.

56.    As a result of the negligence of the Master, Plaintiffs are not entitled to recover any contribution or any other benefits, monetary or otherwise, in General Average from the Defendants.

57.    As a result of the negligence of SH Tankers, Plaintiffs are not entitled to recover any contribution or any other benefits, monetary or otherwise, in General Average from the Defendants.

58.    As a result of the unseaworthiness of the Vessel at the commencement of the voyage, Plaintiffs are not entitled to recover any contribution or any other benefits, monetary or otherwise, in General Average from the Defendants.

59.    The seizure of the Vessel does not qualify as a General Average event.

60.    The expenses and other charges claimed in General Average were not properly and reasonably made or incurred and, therefore, are not recoverable in General Average.

61.    Defendants reserve the right to add further affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

## AS AND FOR A COUNTERCLAIM

62.    Defendants repeat and reallege each and every admission, denial and denial of knowledge and information set forth in Paragraphs 1-62 as if set forth herein at length.

## JURISDICTION AND VENUE

63.    This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1333 in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

64.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the parties agreed to have all disputes regarding the General Average bond executed by Valero and the General

Average Guaranty executed by Southern resolved in the United States District Court for the Southern District of New York and governed by the general maritime law of the United States.

## THE PARTIES

65.     At all times material hereto, defendant Valero Marketing and Supply Company was and now is a Delaware company with an office and principal place of business at One Valero Way, San Antonio, Texas 78249 and was the purchaser and receiver of the crude oil cargo carried aboard the M/T SAMHO DREAM in or about April 2010.

66.     At all times material hereto, defendant Southern Marine & Aviation Underwriters, Inc. was and now is a Louisiana company with an office and place of business at 13105 Northwest Freeway, Suite 950, Houston, Texas 77040 and was the insurer of the crude oil cargo carried aboard the M/T SAMHO DREAM in or about April 2010.

67.     Upon information and belief and at all times material hereto, plaintiff Groupement d'Interet Economique ("Garex") was and now is a foreign corporation with a registered address at 9 Rue de Teheran, 75008 Paris, France.

68.     Upon information and belief and at all times material hereto, plaintiff Starr Indemnity and Liability Company ("Starr") was and now is a domestic corporation with an office and place of business at 399 Park Avenue, New York, New York 10022.

69.     Upon information and belief and at all times material hereto, plaintiff Samsung Fire & Marine Insurance Company ("Samsung") was and now is a foreign corporation with a registered address at Samsung Fire & Marine Insurance Building, 29, Eulji-ro 1 Ga, Jung-gu, Seoul, 100-782 Republic of Korea.

70.     Upon information and belief and at all times material hereto, the M/T SAMHO DREAM was insured for war risks by plaintiff Samsung. Under the Samsung policy, Samsung

retained 4.5% of the risk, 90% of the risk was reinsured by Garex, and 5.5% of the risk was reinsured by Starr.

## THE DEMAND FOR GENERAL AVERAGE SECURITY

71.     While laden with 2,075,363 barrels of Barash light crude (the "Cargo") en route to the U.S. Gulf Coast, the M/T SAMHO DREAM was attacked and seized by Somali pirates and the Vessel and crew taken hostage on or about April 4, 2010.

72.     On or about July 29, 2010, SH Tankers, the owner of the Vessel, declared General Average.

73.     Upon information and belief, after the payment of a ransom by SH Tankers or on behalf of SH Tankers by Plaintiffs, the Vessel was released on or about November 10, 2010.

74.     In order to secure release of the Cargo without collection of a cash deposit, on or about December 10, 2010, Valero executed an Average Bond and "agree[d] to pay . . . the proper portion of any . . . general average . . . which may hereafter be ascertained to be reasonably, legally and properly due. . ."

75.     In order to secure release of the Cargo without collection of a cash deposit, on or about December 10, 2010, Southern executed an Average Guaranty and "under[took] to pay . . . any contribution to General Average . . . which may hereafter be ascertained to be reasonably, legally and properly due. . ."

76.     On or about September 30, 2014, Richards Hogg Lindley ("RHL"), the appointed general average adjusters, issued its General Average Adjustment and shortly thereafter, sought contribution from Defendants in the amount of US$8,179,001.25.

## THE DECLARATORY JUDGMENT CLAIM

77.     In connection with the shipment of the Cargo, on or about March 28, 2010, SOMO issued bill of lading BBL/5635.  Bill of lading BBL/5635 was signed by the Vessel's Master.

78.     Although bill of lading BBL/5635 stated that "all conditions and exceptions which charter party, including the negligence clause, are deemed incorporated in the Bill of Lading", the bill of lading does not contain any specific reference to a charter party by either date, location or the parties thereto.

79.     In connection with the shipment of the Cargo, there was no charter party entered into between Valero, on one hand, and SH Tankers and/or SOMO on the other.

80.     Bill of lading BBL/5635 alone and without reference to or incorporation of a charter party, is the contract of carriage for the Cargo between Valero and SH Tankers.

81.     To the extent that Plaintiffs made any payments in connection with the release of the Vessel, Plaintiffs are subrogated to the rights and obligations of SH Tankers, whatever those rights and obligations may be and however they may appear.

82.     The seizure of the Vessel was directly and proximately caused by the negligence of the Vessel's Master and SH Tankers, the Vessel's owner, and the unseaworthiness of the Vessel at the commencement to the voyage. Such negligence and unseaworthiness includes, but is not limited to:

   a.   the failure to conduct a Ship Security Assessment and develop and implement a Ship Security Plan in violation of the International Ship and Port Security Code and the laws of the Republic of the Marshall Islands ("RMI");

   b.   the failure to comply with and implement Best Management Practices in violation of the RMI law;

11

      c.   the lack of anti-piracy hardening equipment and other preventative measures to safeguard against a potential pirate event;

      d.   the failure to contact and/or request any information from the Maritime Security Centre-Horn of Africa and/or UK Maritime Trade Organization to determine and evaluate recent piracy activity in and around the Vessel's planned routing;

      e.   the development and implementation of a voyage plan and track that routed the Vessel directly through an area of known, recent piracy activity; and

      f.   for other various and further reasons that may be established.

83.    Under the general maritime law of the United States, a vessel owner at fault has no right to General Average contributions.

84.    Under the general maritime law of the United States, a vessel owner is precluded from seeking contribution in General Average if the Vessel was unseaworthy.

85.    Defendants have not made any payments in connection the demanded General Average contribution.

86.    Plaintiffs have sued Defendants seeking contributions in General Average and, therefore, an actual case or controversy exits between the parties.

87.    By reason of the foregoing, pursuant to 28 U.S.C. §2201, Defendants are entitled to a declaration that as a result of the negligence of the Master, the negligence of SH Tankers and/or the unseaworthiness of the Vessel, that the General Average is invalid, that Defendants are not required to contribute in General Average and that Plaintiffs are not entitled to recover any contribution or any other benefits, monetary or otherwise, in General Average from the Defendants.

WHEREFORE, Defendants pray:

(1) For judgment dismissing the Complaint with prejudice

(2) For a Declaratory Judgment in favor of Defendants and against Plaintiffs that the General Average is invalid, that Defendants are not required to contribute in General Average and that Plaintiffs are not entitled to recover any contribution or any other benefits, monetary or otherwise, in General Average from the Defendants; and

(3) That Defendants be awarded all their costs, including reasonable attorneys' fees, incurred in connection with its defense of the within action; and

(4) For such other and further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
       March 8, 2016

                            HILL RIVKINS LLP
                            Attorneys for Defendants
                            Valero Marketing and Supply Company and
                            Southern Marine & Aviation Underwriters, Inc.


                    By:  /s/ James A. Saville, Jr.
                            James A. Saville, Jr.

                            45 Broadway – Suite 1500
                            New York, New York  10006-3793
                            Telephone:  212-669-0600
                            Telefax:      212 669-0698
                            E-Mail:  jsaville@hillrivkins.com

TO:    Christopher R. Nolan, Esq.
       K. Blythe Daly
       Holland & Knight LLP
       31 West 52nd Street
       New York, New York  10019
       Telephone:   (212) 513-3200
       Telefax:       (212) 385-9010
       E-Mail:  chris.nolan@hklaw.com
                Blythe.daly@hklaw.com

S:\work\30417\Pleadings\Answer

13